(Clark County Probate Court.)

IN THE MATTER OF THE ESTATE OF SAMUEL McDONALD. Deceased.

Where a widow elects to take under the will of her deceased husband, she is not barred of dower in lands not disposed of by the will, unless the will expressly provides that the provision made therein for the widow shall be in lieu of her dower right in such undivided lands.

The Circuit Court, in Swihart v. Swihart, 7 O. C. C. R. 338, having given a wrong construction to the decision of the Supreme Court in Corry v. Lamb, 45 Ohio St. 203, and giving no other reason of their own, cannot be construed as an authority upon the question.

(Decided September, 1895.)

ROCKEL, J.

Samuel McDonald died seized of two adjoining tracts of real estate. He made a will devising one tract to his wife, describing it by metes and

bounds  No reference was made to the other tract, nor was there any residuary clause in the will, neither was there any reference to his wife's dower rights

.     He simply devised this one tract to his wife, and then closed his will. As to the other tract not mentioned in the will, he died intestate  The question now arises, if the widow elects to take under the will, is she barred to her right of dower in the undivided real estate?

This question was answered in the affirmative in the case of Swihart v. Swihart, 7 O. C. C. 338.  The decision in this case rested entirely upon the authority of Corry v. Lamb 45 Ohio St. 203.

No reason is given by the circuit court other than the quotation of the syllabus and the opinion of the judge in that case.

The syllabus of the case of Corry v. Lamb afforded no justification for the conclusions of the circuit court.  But the quotation made from the opinion of the judge contained language which, if delivered in the decision of a question similar to the one under consideration, would have justified the circuit court in giving an affirmative answer to the question under consideration.  Believing that it was not the intention of the Supreme Court in Corry v. Lamb to enunciate a doctrine which would justify the conclusion reached by the circuit court, and being somewhat in doubt from the language used by the judge rendering the opinion in the case of Corry v. Lamb, I took the liberty of addressing him in reference to the decision in that case.  He very kindly and promptly answered: "The question you suggest, as to property not named in the will, is not free from difficulty and was not without consideration in preparing the opinion in Corry v. Lamb, 45 Ohio St. 203.  When Catharine Corry elected to take under the will, she became barred of dower and distributive share of property mentioned in the will, which in that case embraced all the property of which the husband died seized and possessed.  The fact was not overlooked that James A. Corry, the husband, did not die intestate as to any of his property.  If the widow had not elected to take under the will, she would have retained her dower in the property sold under the mortgage in which she did not join.  In preparing the opinion in Corry v. Lamb, the case of Bane v. Wick, 14 Ohio St. 505, was re-read and reflected upon, and it was my opinion then, as it is now, that it was not the design of the statute that, by electing to take under the will, the widow should be barred of her dower in lands of which the testator died intestate, unless it plainly appears by the will that such was the testator's intention."

The case of Bane v. Wick, 14 Ohio St. 505, not having been referred to in the opinion of Corry v. Lamb, in my letter, I had made inquiry whether it had been considered by the court.  I did not ask the judge for his opinion upon the question under consideration, although I was very glad to receive it.

This letter conclusively shows that it was not the intention of the court in Corry v.  Lamb to pass upon the question under consideration, and that the circuit court, in Swihart v. Swihart, 7 O. C. C. 338, gave an unwarranted construction to it when making it the basis of a decision holding that the widow, having elected to take under the will of her deceased husband, is barred of her right of dower in lands not disposed of by the will, and that therefore the circuit court case can not be considered as an authority upon the question.

In the case of Bane v. Wick, 14 Ohio St. 505, it was held that an election by the widow to take under a will did not bar her right to a distributive share of the undivided personalty.  This case is not exactly like the one at bar, but the principles applied are the same, and such as in

my judgment lead to a proper decision of the question under consideration, the controlling doctrine in this case being that the subject-matter of the act in relation to wills is testamentary property, not property as to which there is no will.

. So in the case at bar. The sections of our statute in relation to the widow's election and right of dower in the lands of her testate husband are to be considered as dealing with testamentary property, and not property as to which there is no will. This distinction is clearly drawn by Judge White, on page 507, in his opinion, when he says: "Independent of contract, and of the claims of creditors, there are but two modes provided for the disposition of the estates of decedents, and each operates entirely independent of the other—the one by law, the other by will. The former provides for dower for the widow, and in the absence of testamentary disposition, directs the descent of the real and the distribution of the personal estate, according to the will of the law making power. The latter, without regard to the order of succession provided for by statute, disposes of the property according to the will of the owner, subject to such rules and restrictions as the legislature has seen proper to impose. Subject to these rules and restrictions, anyone having legal capacity may make such a disposition of all or any part of his property as he may choose. And to the extent that he makes such testamentary disposition, his estate is withdrawn from the operation of the statutes regulating the descent and distribution, and passes under the will alone. As to the property included in and disposed of by the will, it becomes a law unto itself, and every one claiming any interest under it must conform to all its provisions. But nothing less than the disposition of the property will prevent the operation of the statutes.

"If the owner fails for any reason to designate who shall succeed to it, the law steps in at his death and supplies the omission (1 Ohio St. 282). The intention of the testator had no efficacy and can be regarded only so far as it is apparent in the disposition made by his will. If he has left property undisposed of, its disposition is not governed by his will, but by another rule having its origin in another source in the application of which the intent of the testator can have no influence. This rule operates in the same manner as if the deceased had left no other property, and had made no will. As to the devised property, he is a testator; as to that not disposed of, an intestate. Crane v. Doty, 1 Ohio St. 282; Needles v. Needles, 7 Ohio St. 432; Nicholson v. Bowley, 8 Metc. 424."

In the case at bar, the owner having failed to designate who should succed to the ownership of this undevised tract, it passes as the law provides to his heirs at law, subject to his widow's dower rigth. Of course it would have been within the power of the legislature to have provided a different rule, and that in the case where a widow elected to take under the will, she would be barred of dower in all the lands of which her husband died seized, including those undevised as well as devised. Such provision, in order to be effective, should have been clear and unequivocal. This has not been done. Sections 5963-5966, relating to the election of widows under the wills of their husbands, contain provisions, clauses and words that are not clear, and unless it be borne in mind that we are now dealing with testamentary property, and not property undisposed of by the will, might bear out a construction that if the widow elected to take under the will she would be barred of dower in all the lands of which her husband died seized. At common law a bequest made to a widow was presumed to be in addition to her dower, unless the claim under the will and the assertion of the right of dower were so repugnant that the two could not consistently stand together.

These sections of our statute which change this law by requiring the widow to elect are thus found to be in derogation of a common law rule, and must therefore, under a well known rule of construction, receive a strict application. Besides, dower is highly favored by the law, and always receives a liberal construction in its favor.

In order to deprive a widow of her dower in undevised property, the will or the statute must therefore contain clear and unequivocal language to that effect. If there is any doubt or ambiguity upon the question, the right to claim dower is to be favored with the benefit of the doubt.

When the legislature in sections 5963-5966 provided for election and the effect it should have. they were considering testamentary property; and when it was provided that the widow's election should bar her dower, it was meant to apply to the lands devised in the will.

I am therefore of the opinion that where a widow elects to take under the will of her deceased husband, she is not barred of dower in lands not disposed of by the will unless the will expressly provides that the provision made therein for the widow shall be in lieu of dower in all the lands of which the husband died seized, including those undevised as well as those devised.

As before said, the circuit court having placed the wrong construction upon the decision of the Supreme Court, and giving no other reason of their own, cannot be considered as an authority upon the question.